WAVERLY D. CRENSHAW, JR., CHIEF UNITED STATES DISTRICT JUDGE
Plaintiff, a gynecologist and surgeon, alleges that she suffered a serious injury that limited her ability to engage in her particular medical practice and that Defendants, in bad faith, refused to pay disability insurance benefits that she was owed under three policies that were in place at the time of the injury. Attached to Plaintiff's Response to Defendants' pending motion for summary judgment is a personal Declaration providing statements and opinions in several substantive areas related to her claims. (Doc. No. 47-5.) Before the Court is a Defendants' Motion to Strike the Declaration. (Doc. No. 54.) Plaintiff has filed a response in opposition (Doc. No. 56) and Defendants have filed a reply (Doc. No. 57).
Defendants' argue that Plaintiff did not timely identify herself as an expert witness as required by Federal Rule of Civil Procedure 26(a)(2) and the Court's scheduling orders. Defendants contend that this identification was necessary because the statements contained in the Declaration are expert scientific opinions under Federal Rule of Evidence 702. In support of this argument, Defendants refer to the following purportedly objectionable Declaration content: (1) opinions about Plaintiff's post-injury ability to perform certain surgical tasks and to do so without putting her patients at risk; (2) opinions about the "material and substantial" or "important" duties of Plaintiff's own occupation; (3) the details of gynecological practices (in particular, Plaintiff's lack of knowledge of strictly clinical practices); and (4) economic factors related to Plaintiff's business "SHE, LLC" (including that business's stability and potential future). Defendants argue that only a qualified scientific expert could opine as to these matters and if Plaintiff wished to do so she needed to timely apprise the Defendants of her plan to be her own expert.
To the contrary, the Court finds that the Declaration-to the extent it is "opinion" and not merely testimony from personal knowledge-constitutes appropriate lay opinion under *1153 Federal Rule of Evidence 701 because the matters discussed therein are (a) based on Plaintiff's first-hand knowledge, (b) helpful to resolving whether she is entitled to benefits under the policies at issue in this case, and (c) based on particularized knowledge that Plaintiff has a result of her personal involvement in the gynecology and surgery, as opposed to specialized knowledge within the realm of an expert. See Fed. R. Evid. 701 and advisory committee's notes; Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 846 (6th Cir. 2015) (noting that "the modern trend among courts favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination" and admitting affidavits based upon "personal and rational perception"). More specifically, (1) based on her personal experiences before and after the injury, Plaintiff may state from personal knowledge what professional tasks she believes that she is and is not able to safely perform; (2) based upon her thirty-three years of personal experience working in the business of gynecology and surgery, Plaintiff may state her views regarding (a) the material/important duties of her occupation and (b) the nature of gynecological/surgical practices; and (3) based on the particularized knowledge Plaintiff has gained from her personal involvement in her SHE, LLC business, she may make statements about that business's nature, stability and future projections. That Plaintiff has a medical degree does not disqualify her, as Defendants appear to suggest, from testifying from personal experience and particularized knowledge.[1] See, e.g., DiLuzio v. Village of Yorkville, Ohio, No. 2:11-cv-1102, 2014 WL 12654897, at *5 (Mar. 26, 2014) ("[W]hen a lay witness has particularized knowledge by virtue of her experience, she may testify-even if the subject matter is specialized or technical-because the testimony is based upon a layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702."); United States v. Whaley, 860 F.Supp.2d 584, 594-95 (E.D. Tenn. 2012) ("However, the fact that the witness, by virtue of his or her experience in a business, has knowledge not possessed by the average person does not render the witness's opinion an expert opinion. Instead, one who works in a business may base lay opinion testimony upon his or her 'particularized knowledge that the witness has by virtue of his or her position in the business.' ") (quoting Fed. R. Evid. 701 advisory committee's notes).
Accordingly, the Motion to Strike (Doc. No. 54) is DENIED . The Court will issue a ruling on the motion for summary judgment in due course.
IT IS SO ORDERED.

Indeed, if this were true, vast numbers of litigants and witnesses who happen to have advanced degrees would have to disclose themselves as experts. This is not the law.